UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

LINDA NICHOLS,

      Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES LTD., a
Liberian Corporation,

            Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff's, LINDA NICHOLS, sues Defendant, ROYAL CARIBBEAN CRUISES LTD., a Liberian corporation with its principal place of business in Florida, and alleges:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, LINDA NICHOLS is a permanent resident of the State of Missouri and is sui juris.

2. Defendant ROYAL CARIBBEAN is a Liberian corporation with its principal place of business in Miami, Miami-Dade County, Florida. For federal jurisdictional purposes, it is both a citizen of Liberia and a citizen of Florida.

3. This court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as the amount in controversy is in an amount exceeding Seventy Five Thousand Dollars and No/100 ($75,000.00) Dollars, as evidenced by the injuries alleged in Paragraph 12 below, and complete diversity exists between the parties.

4. At all material times, the Defendant has had its principal place of business in Florida an has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, such as operating maritime cruise vessels for paying passengers, including the Plaintiff, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

5. This court also has personal jurisdiction over the parties as Defendant ROYAL CARIBBEAN was at all material times doing business and having its principal place of business in Miami-Dade County, thereby being subject to the personal jurisdiction of this Court.

6. The Plaintiff LINDA NICHOLS has complied with all conditions precedent to bringing this action. Specifically, pursuant to the requirements of the Passenger Ticket Contract between the Defendant and Plaintiff, the Plaintiff sent written notice her claim to the Defendant on August 20th 2019 which was received by and acknowledged by the Defendant on August 29th 2019.

7. In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Further, the Defendant's principal place of business is located in Miami-Dade County Florida. Accordingly, venue is proper in this Court.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

8. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Liberty of the Seas.*

9. At all times material hereto the Defendant had exclusive custody and control of the vessel the *Liberty of the Seas*.

10. Defendant ROYAL CARIBBEAN has at all material times the been engaged in the

business of providing marine cruises to paying passengers, operating the vessel "*Liberty of the Seas*" among others, for that purpose.

11.  On or about May 11th 2019 the Plaintiff LINDA NICHOLS was a paying passenger aboard the *Liberty of the Seas* which was in navigable waters.

12.  On or about May 11th 2019 the Plaintiff was walking on the pool deck near the towel return area when she suddenly fell on a wet, foreign, or transitory substance causing her fall and to sustain severe injuries including, but not limited to, a compression fracture of her thoracic vertebrae, an injury to her left wrist which required surgery to repair, an injury to her left shoulder which also required open surgery and internal fixation hardware and attendant post operative care and physical therapy.

13.  The wet, foreign, or transitory substance was not open and obvious and the Plaintiff had no way of knowing the existence of the hazardous condition.

## COUNT I - NEGLIGENT FAILURE TO WARN

14.  Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through thirteen (13) as though alleged originally herein.

15.  At all material times, the Defendant owed the Plaintiff, as a paying passenger on its cruise vessel, a duty of reasonable care, including a duty to warn of dangerous conditions known or reasonably should have been known, to the Defendant including places where passengers are invited to or may reasonably expected to visit.

16.  On or about May 11th 2019 there existed a dangerous condition on the pool deck near the

towel return of the vessel "*Liberty of the Seas*"; to-wit: a wet or slippery area causing her to fall and sustain serious injuries.

17. At all material times including the time referenced in the preceding paragraph, the

Plaintiff traversed pool deck near the towel return which is an area of the ship that was in a high traffic area on the vessel so that the Defendant knew or should have known of the likelihood of the presence of a wet, foreign or transitory substance, posing a slip and fall hazard to passengers, but failed to undertake reasonable safety measures to warn the Plaintiff that area in a reasonably safe condition.

18. At all material times, the wet, foreign or transitory substance in the area where the Plaintiff

fell had existed for a sufficient period of time before the Plaintiff's fall that the Defendant had actual or constructive knowledge of dangers that were known, or of its presence, or knew or should have known in the exercise of reasonable care that the wet, foreign or transitory substance posed a slip and fall hazard to passengers in the area, or that passengers are invited, or may be reasonably expected to visit, including the subject area.

19. As an alternative to the allegations of the preceding two paragraphs, the wet foreign and

transitory substance in the area where the Plaintiff fell recurred so frequently and regularly that the Defendant by and through its employees, agents or servants knew of or should have foreseen its recurrence and knew or should have known of its presence.

20. Notwithstanding the Defendant's actual or constructive notice of the wet, foreign or

transitory substance in the area where Plaintiff fell, and consequent slip and fall hazard to passengers, the Defendant breached its duty to the Plaintiff and failed to adequately warn of the

dangerous condition before Plaintiff's fall. The Defendant thereby failed to exercise reasonable care for the safety of its passengers and was thereby negligent.

21. On or about, May 11th 2019 the Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

   a. Failing to adequately warn the Plaintiff that the area where she fell contained a wet, foreign or transitory substance in the area where Plaintiff fell and was dangerous and or;

   b. Failing to adequately warn Plaintiff of the slippery nature of the floor surface when contaminated by a wet, foreign or transitory substance and or

   c. Failing to warn the Plaintiff of the poorly maintained flooring surface in the area where Plaintiff fell;

   d. Failure to adequately warn passengers and Plaintiff of other similar falls previously occurring on or about the carousel on board the same vessel and/or RCCL's other vessels fleet-wide; and/or

   e. Failing to adequately mark off the area where Plaintiff fell from the wet, foreign or transitory substance;

22. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiff about them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them. This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the area through prior incidents involving passengers injured due to the high volume of traffic and its

close proximity to the pool area of the Defendant's vessels and/or other vessels reported within the cruise industry.

23. As a direct and proximate result of one or more of the Defendant's negligent acts as described above, and hence of the negligence of the Defendant as specified above, the Plaintiff LINDA NICHOLS was injured in and about her body and extremities, suffered pain and mental anguish therefrom, incurred medical, out of pocket and other health care expense in the treatment of her injuries, sustained scarring, disfigurement, disability and physical impairment, experienced aggravation of preexisting injuries, and suffered shame, humiliation, and the loss of capacity to enjoy a normal life.  Furthermore, she lost the benefit of the cruise, and transportation costs.  These damages are permanent or continuing in their nature and the Plaintiff, will continue to sustain these damages in the future.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT II

## NEGLIGENT FAILURE TO MAINTAIN

24. Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through thirteen (13) as though alleged originally herein.

25. At all material times, the Defendant owed the Plaintiff, as a paying passenger on its cruise vessel, a duty of reasonable care to maintain the area and surrounding area in a reasonably safe condition.

26. On or about May 11th 2019 there existed a dangerous condition on the pool deck near the

towel return of the vessel "*Liberty of the Seas*"; to-wit: a wet or slippery area causing her to fall and sustain serious injuries.

27. At all material times including the time referenced in the preceding paragraph, the Plaintiff traversed the pool deck near the towel return which is an area of the ship that was in a high traffic area on the vessel so that the Defendant knew or should have known of the likelihood of the presence of a wet, foreign or transitory substance, posing a slip and fall hazard to passengers, but failed to undertake reasonable safety measures to maintain the area in a reasonably safe.

28. At all material times, the wet, foreign or transitory substance in the area where the Plaintiff fell had existed for a sufficient period of time before the Plaintiff's fall that the Defendant had actual or constructive knowledge of its presence and an opportunity to correct or warn of it, or knew or should have known in the exercise of reasonable care that the wet, foreign or transitory substance posed a slip and fall hazard to passengers in the subject area.

29. As an alternative to the allegations of the preceding two paragraphs, the wet, foreign or transitory substance in the area where the Plaintiff fell recurred so frequently and regularly that the Defendant knew of or should have foreseen its recurrence and knew or should have known of its presence.

30. Notwithstanding the Defendant's actual or constructive notice of the wet, foreign or transitory substance in the area where Plaintiff fell, and consequent slip and fall hazard to passengers, the Defendant breached its duty to the Plaintiff and failed maintain the area where Plaintiff fell in dangerous condition created by the substance before Plaintiff's fall. The

Defendant thereby failed to exercise reasonable care for the safety of its passengers and was negligent.

31. The Defendant's specific negligent acts or omissions consist of one or more of the following:

    a.    Failing to maintain the area and surrounding area where Plaintiff fell in a reasonably safe condition in light of anticipated traffic on the deck, and or anticipated purpose of the area;

    b.    Failing to correct the wet, foreign or transitory substance prior to Plaintiff's fall;

    c.    Failing to use slip resistant and safe flooring surfaces and materials in the area where Plaintiff fell;

    d.    Failing to use non-skid or anti slip materials on the floor in the area where Plaintiff in question;

    e.    Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is timely, adequately and regularly inspected, monitored, cleaned and maintained free of slip and fall hazards and other dangerous conditions:

    f.    Failing to conduct sufficient routine inspections of the area and surrounding area where Plaintiff fell for slipperiness or contaminants;

    g.    Failing effectively to cordon off or mark the area where Plaintiff fell before she fell.

32. As a direct and proximate result of one or more of the Defendant's negligent acts as described above, and hence of the negligence of the Defendant as specified above, the Plaintiff was injured in and about her body and extremities, suffered pain and mental anguish therefrom, incurred medical, out of pocket and other health care expense in the treatment of her injuries, sustained scarring, disfigurement, disability and physical impairment, experienced aggravation of

preexisting injuries, and suffered shame, humiliation, and the loss of capacity to enjoy a normal life. Furthermore, the Plaintiff lost the benefit of the cruise and incurred transportation costs. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain these damages in the future.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

Executed, this 10th day of May 2020.

Respectfully submitted,

By:  **s/NICHOLAS I. GERSON**
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
filing@gslawusa.com
ybella@gslawusa.com
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID L. MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
GERSON & SCHWARTZ, P.A.
Attorneys for Plaintiff
1980 Coral Way
Miami, FL 33145-2624
Telephone:    (305) 371-6000
Facsimile:     (305) 371-5749